911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Ginger D. McCOLLUM, Defendant-Appellant.
 No. 89-5159.
 United States Court of Appeals, Fourth Circuit.
 Argued July 18, 1990.
Decided Aug. 15, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-89-32-N)
 James Orlando Broccoletti, Zoby & Broccoletti, Norfolk, Va., for appellant.
 Harvey Lee Bryant, III, Assistant United States Attorney, Norfolk, Va. (argued), for appellee; Henry E. Hudson, United States Attorney, Norfolk, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and JOSEPH F. ANDERSON, JR., United States District Judge for the District of South Carolina,
 PER CURIAM:
 
 
 1
 Appellant Ginger McCollum entered a plea of guilty to a criminal information charging mail fraud in violation of 18 U.S.C. Sec. 1341. The charges arose out of her use of the United States mails to submit false and fictitious credit card applications to American Express Travel Related Services Company, Inc. The amount of loss occasioned by her acts was in excess of $28,000.
 
 
 2
 In the original presentence report, the appellant's offense level was 10 and her criminal history category was I. These calculations were based upon her "acceptance of responsibility" as defined by the United States Sentencing Guidelines, and upon the probation officer's understanding that she had no prior criminal record. However, prior to sentencing the probation officer learned that appellant had been convicted in South Carolina state courts of accessory after the fact of murder and sentenced to the State Penitentiary in 1976. The concealment of this information was interpreted to be an "obstruction of justice" under the sentencing guidelines. Her offense level was increased by 2 and the previously calculated 2 level reduction for acceptance of responsibility was deleted. As a result, her offense level became 14 and her criminal history category was Level II.
 
 
 3
 At sentencing, the appellant objected to being placed in criminal history category II and to the enhancement provided by the guidelines by applying to Sec. 2F1.1(b)(2), which provides that if the offense involves "more than minimal planning," the offense level should be increased by 2. She also contended that she was entitled to a 2 point reduction for acceptance of responsibility. The district judge heard evidence and argument on all of these objections. Before the district court announced his findings and the sentence, appellant's counsel withdrew the objection to the offense level enhancement based on "more than minimal planning."
 
 
 4
 The district court found that the prior South Carolina conviction was properly considered in the criminal history category, that the offense involved more than minimal planning, and that the appellant
 
 
 5
 deliberately misled the Probation Officer during the presentence investigation in several important aspects of the presentence investigation. The Court found that there was a deliberate attempt by the defendant to seek a lighter sentence by being untruthful with the Probation Officer and by being untruthful under oath in her testimony before the Court. The Court finds that under those circumstances, the defendant has not accepted responsibility for her criminal actions and that the failure to give her credit for acceptance of responsibility was justified.
 
 
 6
 The court imposed a sentence of 24 months.
 
 
 7
 On appeal Ms. McCollum claims that the district court erred (1) by increasing her offense level by 2 because of its finding that the events involved more than minimal planning, (2) in placing her in criminal history category II by virtue of a sentence imposed within 15 years of the commission of the offense, and (3) by failing to credit her with acceptance of responsibility so as to reduce her offense level by 2. In oral argument, appellant's counsel covered only the claim that McCollum was entitled to the reduction for acceptance of responsibility, so we will consider that exception first.
 
 
 8
 The application notes 4 and 5 to Sec. 3E1.1 of the sentencing guidelines relate to this issue. Application note 4 provides:
 
 
 9
 Conduct resulting in an enhancement under Sec. 3C1.1 (Willfully Obstructing or Impeding Proceedings) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.
 
 Application note 5 provides:
 
 10
 The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.
 
 
 11
 In his written order accompanying the sentence, the district court found that appellant's testimony before the court was untruthful and that the appellant had deliberately misled the probation officer during the presentence investigation in several important aspects of the investigation. The court found that this was a deliberate attempt by the defendant to seek a lighter sentence by her untruthful remarks to the probation officer and to the court. This conduct amounts to willful obstruction of the proceedings and justified the denial of a reduction for acceptance of responsibility. The district court's findings are amply supported by the record and may not be disturbed by us on appeal. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989).
 
 
 12
 The clearly erroneous standard of review also protects the district court's findings that the offense to which the appellant pled guilty required more than minimal planning because the appellant indulged in multiple acts on multiple occasions in committing the offense.
 
 
 13
 Appellant contends that her South Carolina conviction of being an accessory after the fact of murder was imposed on January 30, 1976, but that she had actually been in custody since December 19, 1974, the date of the indictment, and that this date was more than 15 years prior to the date of the filing of the criminal information on May 14, 1989. She argues that under Sec. 4A.1(a), 3 points should not have been added to her criminal history category because application note 1 to this section does not count "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense ... unless the defendant's incarceration extended into this fifteen year period. See Sec. 4A1.2(e)."
 
 
 14
 Appellant argues that since she began serving her South Carolina sentence more than 15 years prior to the date of the filing of the criminal information, there should be no increase. This exception has no merit because the 15 years is determined by the date of "the defendant's commencement of the instant offense." The instant offense, mail fraud, occurred between July 1 and July 11, 1988. This is less than 15 years from either December 19, 1974, the date McCollum was taken into custody on her prior offense, or January 30, 1976, the date she was convicted and sentenced on her prior offense. Therefore, the district court was correct in adding the 3 points to the criminal history category because of the sentence of imprisonment which exceeded one year and one month. See Sec. 4A1.1(a).
 
 
 15
 Finding no error, we affirm.
 
 
 16
 AFFIRMED.